**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**MARC EDWARDS,**

                                      **Plaintiff,**                    **No. _____**

**-against-**                                                         **COMPLAINT**

**MIDLAND FUNDING LLC and**
**FORSTER & GARBUS, LLP,**

                                      **Defendants.**
_____

## I. Introduction

1.      This is an action for damages brought by an individual consumer for the

violation by Defendants Midland Funding LLC and Forster & Garbus, LLP of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The

debt sought to be collected by Midland Funding, LLC and Forster & Garbus, LLP was an

alleged consumer credit debt of Plaintiff Marc Edwards to pay money arising out of a

transaction in which the money, property, insurance or services which were the subject of

the transaction were primarily for personal, family, or household purposes.

## II.      JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.  Venue in this District is proper in that the Defendants transact business here and

the conduct complained of occurred here.

## III.      PARTIES

3.      Plaintiff Marc Edwards ("Edwards") is a natural person residing in this

District in the County of Wayne, State of New York.

4.      Upon information and belief, Defendant Midland Funding LLC ("Midland Funding"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.      Upon information and belief, Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership engaged in the business of collecting debts in New York and is authorized to do business in this state, and has an address for service at 60 Motor Parkway, Commack, New York 11725.

6.      Midland Funding is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Midland Funding itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7.      Forster & Garbus is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.      Edwards qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## IV.    FACTUAL ALLEGATIONS

9.    On or about April 20, 2015, Midland Funding by its attorneys, Forster &
Garbus, filed a collection action against Edwards in Supreme Court, Wayne County,
State of New York, entitled *Midland Funding LLC A/P/O Onemain Financial, Inc. v.*
*Marc Edwards*, Index No. 78478/15.   The collection summons and complaint was served
on Edwards subsequent to filing.

10.    The complaint in the collection action alleged a single cause of action in
which Midland Funding alleged that it purchased a credit card account on which Edwards
was liable for $2,961.04 and on which OneMain Financial, Inc. was the original creditor.
The summons in the collection action also indicated that the original creditor was
OneMain Financial, Inc.

11.    Midland Funding further alleged in the collection complaint to have obtained
such credit card account on which it brought a lawsuit against Edwards, after the credit
card account was already in default.

12.    On or about May 26, 2015, Edwards interposed an answer in the collection
action in which he denied the allegations of the collection action complaint, and raised
various affirmative defenses, including lack of standing.

13.    Subsequent to serving the answer, Edwards brought a motion for summary
judgment in the collection action in Supreme Court, Wayne County, State of New York,
based on Midland Funding's lack of standing and inability to prove that it was the owner
of the alleged credit card account on which the collection action was based.  Because
Midland Funding could not show that it owned any credit card debt on which Edwards
was alleged to be originally liable to OneMain Financial, Inc., Midland Funding had no

basis on which to attempt to collect any such debt from Edwards.

14.    Supreme Court, Wayne County granted Edwards' motion for summary judgment by an order entered in the Wayne County Clerk's Office on November 5, 2015.

15.    The caption in the collection action against Edwards designated the plaintiff as *Midland Funding LLC A/P/O OneMain Financial, Inc.* The term "A/P/O," as stated in the collection complaint, is short for "as purchaser of." Therefore the caption on the summons as well as on the complaint in the collection action set forth a plaintiff called "Midland Funding LLC as purchaser of OneMain Financial, Inc.," an entity that has no legal existence.

16.    Midland Funding LLC never purchased OneMain Financial, Inc.

17.    The designation of the plaintiff in the collection claim is therefore inaccurate, deceptive, and confusing. Such a plaintiff does not actually exist.

18.    An unsophisticated consumer that was a defendant in the collection action would be confused by such a designation, and would not know who the plaintiff was – whether it was Midland Funding LLC; OneMain Financial, Inc.; Midland Funding as the purchaser of OneMain Financial, Inc.; or otherwise. The consumer could easily be deceived into believing that OneMain Financial, Inc. was bringing the collection claim rather than a debt buyer in its own name, or that Midland Funding LLC was authorized as the purchaser of OneMain Financial, Inc. to bring the collection claim without any transfer of the disputed account to Midland Funding. Moreover, the term "A/P/O" is not a recognized legal term, and there is no legitimate basis for putting this term in the caption. Finally, an unsophisticated consumer would be materially deceived by naming a non-entity as the plaintiff in the captions of the summons and complaint.

## *V.  FIRST CLAIM FOR RELIEF*

19.    Edwards repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

20.    Midland Funding violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Midland Funding misrepresented in the collection complaint that it owned through assignment a credit card account on which Edwards was liable for $2,961.04 when in fact it could not show then or at any time that it was the owner of any such account, or was ever assigned such account.

21.    Midland Funding violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Edwards the character, amount and legal status of the alleged debt.  Midland Funding falsely represented in the collection complaint that it owned the alleged debt in the amount stated.  In fact, Midland Funding had no basis for asserting such ownership, and therefore no legal basis on which to ever attempt collection of the debt, or claim that Edwards owed it $2,961.04.  Midland Funding's claim to own the debt also violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

22.    Midland Funding violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any

amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Midland Funding violated the general application of § 1692f because it did not own the credit card debt alleged to be owed by Edwards in the collection complaint.  Midland Funding also violated the specific conduct prohibited by § 1692f(1) because there was no agreement that authorized Midland Funding to collect any amount from Edwards with regard to any OneMain Financial, Inc. credit card account.

23.    Midland Funding and Forster & Garbus further violated 15 U.S.C. § 1692e by deceptively and misleadingly designating the plaintiff in the caption of the collection claim as "Midland Funding LLC A/P/O OneMain Financial, Inc.," an entity that has no legal existence.  Further, Midland Funding deceptively and misleadingly represented that Midland Funding purchased OneMain Financial, Inc., and was suing in the capacity of a purchaser of OneMain Financial, Inc. when in fact it was not.  In addition, an unsophisticated consumer could easily be further mislead and confused by such a designation, and would not know if the plaintiff was Midland Funding LLC; OneMain Financial, Inc.; Midland Funding as the purchaser of OneMain Financial, Inc.; or otherwise.

24.    Midland Funding and Forster & Garbus further violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer.  Midland Funding's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false

representation and deceptive means to collect or attempt to collect a debt.

25.    Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "Midland Funding LLC A/P/O MainOne Financial, Inc.," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

26.    All the misrepresentations, deceptions, and unconscionable and unfair means employed by Midland Funding and Forster & Garbus were material and likely to mislead the least sophisticated debtor.

27.    As a result of the above violations of the FDCPA, Midland Funding and Forster & Garbus are liable to Edwards for his actual damages consisting of the cost of attorney fees and court costs in defending the collection lawsuit in the amount of $890.00, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages in the amount of $890.00.

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.  For such other and further relief as may be just and proper.

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 19, 2016

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
2129 Five Mile Line Road
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com